## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH ALEX MARTIN,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:07-CV-1120** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **UNITED RECOVERY SYSTEMS, LP;** | : | |
| **ROBERT SULLIVAN, as an agent of corporate** | : | |
| **defendant, United Recovery Systems, LP;** | : | |
| **MICHAEL K. STRACHAN, as an officer and** | : | |
| **agent of corporate defendant, United Recovery** | : | |
| **Systems, LP; GLENN P. OSUCH, as an officer** | : | |
| **and agent of corporate defendant, United** | : | |
| **Recovery Systems, LP; DOUGLAS B.** | : | |
| **SCHULTZ, as an officer and agent of** | : | |
| **corporate defendant, United Recovery** | : | |
| **Systems, LP; CITIBANK SOUTH DAKOTA,** | : | |
| **NA,** | : | |
| **Defendants** | : | |

### MEMORANDUM

Before the Court is Defendant Citibank South Dakota, N.A.'s motion to dismiss Plaintiff

Joseph Martin's complaint for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6).  (Doc. No. 7.)  The parties have submitted briefs (Doc. Nos. 8, 9, 10), and

the motion is ripe for disposition.  For the reasons that follow, the motion will be granted.

## I.    BACKGROUND

Defendant Citibank South Dakota, N.A. ("Citibank") issued Plaintiff Joseph Martin

("Martin") a credit card account, upon which Martin subsequently defaulted.  (Compl. ¶ 9.)

After Martin defaulted, Citibank assigned the account to United Recovery Systems, LP

("United") for collection.  (Id. ¶ 7.)  Thereafter, United undertook efforts to collect on the

account.  (Id.  ¶¶ 7-17.)

In the course of collecting the account, United allegedly contacted an unknown third party and requested that the he or she deliver a note to Martin's mailbox requesting that Martin contact United.  (Id. at ¶ 10.)  Martin submitted a dispute to United, in which he indicated that he intended to pursue legal action under various federal and state laws.  (¶¶ 13-14.)  United responded in writing, indicating that it "did not have a valid contact number to reach [Martin]. As a result [United's agent] was attempting to locate you."  (¶¶ 15-16.)

On June 22, 2007, Martin, proceeding pro se, filed a ten-count complaint in this Court. (Doc. No. 1.)  In the complaint, Martin alleges that the defendants violated his rights under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Counts I, III, V & IX).  He also alleges that Defendants violated the Federal Trade Commission Act, 15 U.S.C. § 41 et seq., the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq., and the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq. (Counts II, IV, VI, VIII & X)[1].  Finally, Martin alleges a claim for intentional infliction of emotional distress (Count VII).

On July 11, 2007, Citibank filed a motion to dismiss Martin's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and a brief in support of the motion.  (Doc. Nos. 7-8.)  On July 24, 2007, Martin filed a brief in opposition to the motion. (Doc. No. 9.)  On August 6, 2007, Citibank filed a reply brief.  (Doc. No. 10.)  The motion is ripe for disposition.

---

[1] Counts IV, VI, VIII, and X appear to be duplicative of Count II.

## II.      STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all allegations of the complaints, draw all reasonable inferences in a light most favorable to the plaintiff, and determine whether the plaintiff has stated a claim upon which relief can be granted.  Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006).  A complaint is not required to contain detailed factual allegations; rather, it must plead facts sufficient to state a claim.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Where the complaint is filed by a pro se plaintiff, the document is "to be liberally construed and  . . . must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (internal citations omitted).

## III.     DISCUSSION

In his complaint, Martin alleges that United's third-party communications violated his rights under the Federal Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 et seq.  In particular, Martin alleges that United violated § 1692c(b), which provides that, without prior consent of the consumer, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."  In addition, Martin alleges that United violated §§ 1692c(a)(1) & 1692e(11), which relate to the time and place of communication with a consumer, and to notice that a debt collector must give to a consumer regarding the purpose of the communication, respectively.

The FDCPA was enacted to protect consumers from unfair, abusive, and deceptive debt

3

collection practices, including but not limited to threats of violence, use of obscene language, and certain contacts with acquaintances of the consumer. See Staub v. Harris, 626 F.2d 275, 276-77 (3d Cir. 1980). By its terms, the FDCPA "does not apply to persons or businesses collecting debts on their own behalf." Id. at 77. Rather it is directed at "debt collectors," who are defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[2] Stated differently, a business may be a debt collector if either: (1) its principal purpose is the collection of debt; or (2) it regularly engages in the collection of debts. See Oppong v. First Union Mortgage Corp., 215 F. App'x 114, 118 (3d Cir. 2007). By contrast, under the Act, a "creditor" refers to "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C. § 1692a(4).

Citibank asserts that Martin's FDCPA claims must be dismissed against Citibank because it is not a debt collector, and is therefore beyond the reach of the Act. The Court agrees. Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors - as opposed to 'debt collectors' - generally are not subject to the FDCPA."). This conclusion is bolstered by the recent decision of the Third Circuit in F.T.C v. Check Investors, Inc., 502 F.3d 159, slip op. at 42 (3d Cir. 2007) (citing Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003)). In Check Investors, the Third Circuit explained that, as to a specific debt, the FDCPA precludes

---

[2] Pursuant to 15 U.S.C. § 1692a(6), a creditor may be found liable under the FDCPA if "in the process of collecting his own debt, [the creditor] uses any name other his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). The facts of this case neither indicate nor has Martin alleged that Citibank used a name other than its own in the process of collecting upon the debt.

one from being both a "creditor" and a "debt collector" because the "terms are mutually

exclusive." Id. at 43.  In order to decide whether person is a creditor or debt collector under the

FDCPA, a court must direct its "focus to the time the debt was acquired."  Id. at 45.  The court

further explained that "[i]f the one who acquired the debt continues to service it, it is acting

much like the original creditor that created the debt.  On the other hand, if it simply acquires the

debt for collection, it is acting more like a debt collector."  Id.  Citibank originated the debt at

issue; therefore, it is not a debt collector within the meaning of the FDCPA.  Id.

In his complaint, and in his brief in opposition, Martin insists that even if Citibank did

not directly engage in unlawful practices, that Citibank should be held vicariously liable because

it "knew, or should have known" that United engaged in unlawful practices.  (Compl. ¶ 18).

This Court does not agree.  Although debt collectors, under certain circumstances, may be held

vicariously liable for actions the collection activities for other debt collectors, Pollice, 225 F.3d

at 403-05, creditors may not be held vicariously liable under the FDCPA, id.; Wadlington v.

Credit Acceptance Corp., 76 F.3d 108, 103 (6th Cir. 1996) ("The plaintiffs would have us

impose liability on non-debt collectors too.  This we decline to do."); see also Dahlhammer v.

Citibank (South Dakota), N.A., No. 05-1749, 2006 WL 3484352, at *7 (M.D. Pa. Nov. 30, 2006)

(holding that Citibank cannot be held vicariously liable for the acts of the debt collector because

the court had held earlier that Citibank itself was not a debt collector).  Accordingly, Martin's

claims against Citibank under the FDCPA must be dismissed.[3]

_____

[3] In his complaint, Martin does not appear to allege that Citibank took any direct actions
in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law or the Fair
Credit Extension Uniformity Act.  Nor does Martin allege any direct conduct on Citibank's
behalf that would support a claim of intentional infliction of emotional distress.  In his brief in
opposition to Citibank's motion to dismiss, Martin insists that discovery is necessary to evaluate

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Citibank's motion to dismiss Martin's

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  An appropriate order follows.

---

whether "Citibank's contract obligated [United] to perform the incident central to the
complaint."  (Doc. No. 9, at 2.)  Even drawing all reasonable inferences must be drawn in
Martin's favor, the complaint simply does not allege that United acted upon the direction of
Citibank.  It alleges that Citibank "knew, or should have known that [United] engages in conduct
which violates the [FDCPA]. . . ."  (Compl. ¶ 18.)  As such, the allegations contained within the
complaint do not support Martin's view that discovery is necessary.  Even construing Martin's
complaint liberally, the minimum standard of adequate notice pleading under the Federal Rules
of Civil Procedure is not satisfied with respect to his FTC Act and Pennsylvania state-law claims
against Citibank.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH ALEX MARTIN,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:07-CV-1120** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **UNITED RECOVERY SYSTEMS, LP;** | : | |
| **ROBERT SULLIVAN, as an agent of corporate** | : | |
| **defendant, United Recovery Systems, LP;** | : | |
| **MICHAEL K. STRACHAN, as an officer and** | : | |
| **agent of corporate defendant, United Recovery** | : | |
| **Systems, LP; GLENN P. OSUCH, as an officer** | : | |
| **and agent of corporate defendant, United** | : | |
| **Recovery Systems, LP; DOUGLAS B.** | : | |
| **SCHULTZ, as an officer and agent of** | : | |
| **corporate defendant, United Recovery** | : | |
| **Systems, LP; CITIBANK SOUTH DAKOTA,** | : | |
| **NA,** | : | |
| **Defendants** | : | |

**ORDER**

   **AND NOW**, on this 21st day of November, 2007, for the reasons set forth in the
accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendant Citibank South
Dakota, N.A.'s motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil
Procedure 12(b)(6) (Doc. No. 7) is **GRANTED**.  **IT IS FURTHER ORDERED THAT**
Defendant Citibank is **DISMISSED** as a party to this action.


                                           s/ Yvette Kane_____
                                           Yvette Kane, Chief Judge
                                           United States District Court
                                           Middle District of Pennsylvania